IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTINA L. GENTRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 06-2218–CM |
| ) | |
| **DATA CORE INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Christina Gentry brings this action against her former employer, defendant Data Core Inc., alleging that defendant violated her rights under the Family and Medical Leave Act ("FMLA"). The case is before the court on Defendant's Motion to Dismiss (Doc. 2). Because plaintiff alleges facts that state a claim, defendant's motion is denied.

## I. FACTUAL BACKGROUND[1]

Plaintiff worked as a receptionist and accounts clerk for defendant. In January 2004,[2] plaintiff learned that she was pregnant and of a condition that could complicate her pregnancy. On May 12, 2004, plaintiff went on FMLA leave for her pregnancy. While plaintiff was on leave, June 4, 2004, defendant informed plaintiff that her position was "dissolved," but that she would be transferred to a data entry position that paid the same wage. On November 15, 2004, plaintiff

---

[1] The uncontroverted facts are taken from the complaint and viewed in the light most favorable to plaintiff.

[2] Although plaintiff's complaint lists the pregnancy date as "January 2005," the court considers this to be a typographical error based on the time line provided.

returned to work.

In her new position, plaintiff's duties expanded to include answering the telephone and working extended hours. Three months later, in February 2005, plaintiff required surgery for uterine tumors. Defendant denied plaintiff's request for medical leave. Plaintiff elected to have the surgery, requiring "approximately two weeks" of leave. Shortly before the surgery, defendant terminated plaintiff's employment.

Plaintiff now alleges that defendant interfered with her right to take leave and that defendant retaliated against her for exercising her rights under FMLA.

## II. STANDARD OF REVIEW

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fiztgerald*, 457 U.S. 800 (1982).

## III. DISCUSSION

The FMLA provides eligible employees up to twelve weeks of leave during any twelve-month period "because of a serious health condition," in addition to other reasons. 29 U.S.C. § 2612(a)(1)(A)–(D). The FMLA also contains substantive protections for employees who request

FMLA leave or otherwise assert a right under the FMLA.  Specifically, § 2615(a)(1) prohibits employers from interfering with, restraining, or denying an employee's exercise or attempted exercise of his or her FMLA rights, and § 2615(a)(2) prohibits employers from discharging or discriminating against an employee who opposes any practice made unlawful by the FMLA.  *Id.* § 2615(a)(1), (2).  The Tenth Circuit recognizes both causes of action as the entitlement/interference theory and the retaliation/discrimination theory.  *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002).

**A.     Interference**

To prove a claim of interference, an employee must demonstrate that the employer interfered with an FMLA-created right and that the employee was entitled to such a right.  *Id.* (citations omitted).  The employer's intent is immaterial.  *Id.* (citations omitted).  But an employee who requests leave has no greater rights than another employee who does not, *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1262 (10th Cir. 1998) (citing 29 C.F.R. § 825.216(a)), so the employee must also demonstrate a causal connection between the two, *Dry v. Boeing Co.*, 92 Fed. Appx. 675, 678 (10th Cir. 2004) (citing *Smith*, 298 F.3d at 961).  The FMLA does not define "interference," but Department of Labor regulations provide that "'[i]nterfering with' the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave."  29 C.F.R. § 825.220(b).

Defendant states that plaintiff's claim must fail because plaintiff's prior extended leave made her ineligible under the statute.  Defendant contends plaintiff already used her twelve-week leave for the given twelve-month period.  This argument assumes that the relevant twelve-month period depends on the dates of plaintiff's prior leave.

The FMLA does not make this assumption.  Instead, the FMLA leaves the twelve-month

-3-

period calculation to the discretion of the employer.  *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1126 (9th Cir. 2001).  One permissible period calculation method is to use a calendar year, which would allow an employee to "take 12 weeks of leave at the end of the year and 12 weeks at the beginning of the following year."  *Id.* (quoting 29 C.F.R. § 825.200).  If the employer does not select a calculation method, the method to be employed is the one "that provides the most beneficial outcome for the employee . . . ."  *Id.*

Neither party claims that defendant selected a twelve-month-period calculation method.  For this decision, the court fills that void with the calendar year method.  Consequently, plaintiff alleges facts that violate the FMLA.

## B.  Retaliation

To prove a prima facie case of FMLA retaliation, a plaintiff must show (1) that he engaged in activity protected under FMLA; (2) subsequent adverse action by the employer; and (3) a causal connection between such activity and the employer's action.  *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208–09 (10th Cir. 1997) (citation omitted).  When analyzing FMLA retaliation claims, the court applies the traditional burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973).  *Richmond*, 120 F.3d at 208 (citation omitted).

Defendant argues that plaintiff failed to allege an adverse action.  For this decision, the court reads plaintiff's complaint to include allegations of potential adverse employment action.  Plaintiff alleges facts that could violate the FMLA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 2) is denied.

-5-

Dated this 22nd day of September 2006, at Kansas City, Kansas.

                         **s/ Carlos Murguia**
                         **CARLOS MURGUIA**
                         **United States District Judge**